IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DORITA WALKER, | CASE NO. 4:23 CV 2385 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| | MEMORANDUM OF OPINION |
| SANDY PHELPS, et al., | |
| Defendants. | |

Plaintiff Dorita Walker filed this action *pro se* against property manager Sandy Phelps, KRI Partners owner Kenneth Gee, maintenance technician Mr. James, and the Hunan Restaurant. Plaintiff indicates that she resides in Youngstown, Ohio. The Hunan Restaurant also is located in Youngstown, Ohio. She indicates Phelps, Gee and James are residents of Tampa, Florida. The Complaint contains few factual allegations and no legal claims. She states that the Defendants took her property, specifically artwork and jewelry, when she was locked out of her apartment. She contends she is seeking damages for emotional distress.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon

which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

### Discussion

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be

presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, the Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). For purposes of determining whether diversity jurisdiction exists, residence and citizenship are not equivalent. *See Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019). The citizenship of

an individual for diversity purposes is his or her state of domicile. *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). To acquire a domicile within a particular state, a person must be physically present in the state and must have the intention to make his home there indefinitely. *Deasy v. Louisville & Jefferson County Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002). The citizenship of a business depends on the type of business. A corporation is a citizen of both its states of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Limited liability companies and partnerships have the citizenship of each partner or member. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). When the Plaintiff merely states the residence of the parties, but not their citizenship, he or she has not met the burden of establishing diversity of citizenship jurisdiction and the Court must dismiss the suit. *Prime Rate Premium Fin. Corp., Inc.*, 930 F.3d at 765.

Plaintiff does not indicate the citizenship of any of the parties, including herself. On that basis alone, she has not established jurisdiction based on diversity of citizenship. Moreover, to have diversity of citizenship, all of the Defendants must be citizens of different states than the Plaintiff. Plaintiff lists her address as Youngstown, Ohio. She also lists the address of one of the Defendants, Hunan Restaurant, as Youngstown, Ohio. Even if the Court could consider the addresses of the parties as an indication of citizenship, diversity of citizenship would not be complete. Federal Court jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Here, Plaintiff is

proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiff failed to properly identify any federal question in this case. She lists causes of action for "housing, theft exceeding $ 75,000 [and] stalking with intent to cause distress." (Doc. No. 1 at 3). Her reference to housing appears to be related to an eviction. The other two causes of action appear to be tort claims. All of these causes of action arise, if at all, under either state law. Subject matter jurisdiction cannot be based on a federal question.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted. This action is dismissed pursuant to 28 U.S.C. §1915(e) for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: March 7, 2024

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.